UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAURICE PATRICK,
Plaintiff,
vs.
CITY OF PASCO,
Defendant.

No. CV-10-5032-LRS

**ORDER OF DISMISSAL**

On March 24, 2010, the Plaintiff's *pro se* Complaint was filed *in forma pauperis*. (Ct. Rec. 4). Plaintiff challenges traffic citations issued to him by the City of Pasco, all of which appear to have been adjudicated by the Pasco Municipal Court and which resulted in the imposition of monetary fines against the Plaintiff. Plaintiff contends there was no probable cause to support the police stop of his vehicle; that he was falsely arrested; that evidence subsequently discovered in his vehicle was "fruit of the poisonous tree" and should not have been used to find him guilty of driving with a suspended license and without proof of insurance; that the police failed to read him his *Miranda* rights; and that he was improperly denied bail, all in violation of the United States Constitution. Therefore, this is a civil rights action pursuant to 42 U.S.C. § 1983, although Plaintiff fails to mention that provision in his Complaint.

What the Plaintiff is effectively asking this federal court to do is engage in appellate review of state cases in which alleged errors (constitutional and otherwise) occurred to the Plaintiff's detriment. This is not appropriate under the

*Rooker-Feldman* doctrine. A losing party in state court is barred from seeking review of the judgment in a federal district court by claiming that the state court judgment violated the loser's federal constitutional rights which were "inextricably intertwined" in the state court proceedings. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647 (1994). "Judicial errors committed in state courts are for correction in the state court systems." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Here, the Plaintiff is asking for relief which would effectively reverse state court decisions or void their rulings.

The *Rooker-Feldman* doctrine is jurisdictional and this court is therefore obligated to raise it *sua sponte*. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1990). This court does not have subject matter jurisdiction to entertain Plaintiff's claims. Although a dismissal for lack of subject matter jurisdiction should ordinarily be "without prejudice so that a plaintiff may reassert his claims in a competent court," *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988), the dismissal here will be with prejudice because the time has expired in state court for Plaintiff to take an appeal from the judgment against him on the subject traffic infractions. See IRLJ 5.2(Infraction Rules For Courts Of Limited Jurisdiction), referring to RALJ 2.1-2.6(Rules For Appeal Of Decisions Of Courts Of Limited Jurisdiction).[1]

Plaintiff's Complaint (Ct. Rec. 4) is **DISMISSED with prejudice**.

//

//

//

//

//

---

[1] A municipal court is a state court of limited jurisdiction. RCW Chapter 3.46 and 3.50.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to the Plaintiff. The file shall be closed.

**DATED** this 29th of March, 2010.

***s/Lonny R. Suko***

LONNY R. SUKO
Chief United States District Judge