UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MAURICE PATRICK,           )
                           )
        Plaintiff,        )   No. CV-10-5032-LRS
                           )
    vs.                    )   **ORDER DENYING MOTION**
                           )   **FOR RECONSIDERATION**
                           )
CITY OF PASCO,             )
                           )
        Defendant.        )
_____)

    Plaintiff has filed a motion asking this court to reconsider its March 29, 2010 "Order Of Dismissal," (Ct. Rec. 7 ), dismissing with prejudice the Plaintiffs' 42 U.S.C. Section 1983 civil rights complaint.

    Dismissal was premised on the *Rooker-Feldman* doctrine. The court found Plaintiff had been issued four traffic citations by the City of Pasco, all of which appeared to have been adjudicated by the Pasco Municipal Court and which resulted in the imposition of monetary fines against him. This court found that what the Plaintiff was effectively asking this court to do was engage in appellate review of state cases in which alleged errors (constitutional and otherwise) occurred to the Plaintiff's detriment. In other words, the Plaintiff was asking for relief which would effectively reverse state court decisions or void their rulings. The court concluded it did not have subject matter jurisdiction to entertain Plaintiff's claims and that a dismissal with prejudice was warranted because the time had expired in state court for Plaintiff to take an appeal from the judgment

**ORDER DENYING MOTION**
**FOR RECONSIDERATION-**       1

against him on the traffic citations.

In his motion for reconsideration, Plaintiff now alleges that two of the four citations were not adjudicated and were dismissed, although he does not allege which citations were dismissed. Plaintiff acknowledges one of the citations was for improper lane use and it was this which led to the stop of his vehicle and subsequent discovery that Plaintiff was driving with a suspended license and without proof of insurance.[1] Plaintiff alleges the stop for improper lane change was not supported by probable cause and therefore, discovery that Plaintiff was driving with a suspended license and without proof of insurance should have been suppressed as "fruit of the poisonous tree." Assuming Plaintiff was found guilty and fined for improper lane use, the *Rooker-Feldman* doctrine still requires dismissal of his civil rights complaint because it is that particular citation to which the alleged constitutional violation specifically pertains. Even if, however, improper lane use was one of the citations that was dismissed in municipal court, dismissal of Plaintiff's civil rights complaint remains warranted because any judgment in Plaintiff's favor that there was a constitutional violation would necessarily imply the invalidity of the adjudication of guilt on the other citations and the fines imposed in conjunction therewith. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994). The adjudication of guilt on the other citations has not been invalidated by any state court. Put another way, were this court to find there was not probable cause to support the stop of Plaintiff's vehicle for improper lane use, it would imply the invalidity of the adjudications that Plaintiff was guilty

---

[1] Plaintiff alleges he was cited twice for driving with a suspended license, in addition to the citations for improper lane use and no proof of insurance. According to Plaintiff, after the initial stop for improper lane use and discovery that he was driving with a suspended license and no proof of insurance, the same officer pulled him over again as he drove away and cited him again for driving with a suspended license.

**ORDER DENYING MOTION**
**FOR RECONSIDERATION-        2**

of driving with a suspended license and/or no proof of insurance when those adjudications have not been invalidated by the state courts. See, for example, *Williams v. Ontario County Sheriff's Dept.*, 662 F.Supp.2d 321, 329 (W.D.N.Y. 2009) (*Heck* deprived court of subject matter jurisdiction over Fourth Amendment claim where a favorable decision on that claim would imply that plaintiff's arrest was unconstitutional, rendering narcotics and weapons evidence obtained as a result of the arrest "fruit of the poisonous tree" which should have been suppressed, thereby calling into question validity of plaintiff's conviction on the state weapons and narcotics charges). Furthermore, the adjudications of Plaintiff's guilt on the citations for driving with a suspended license and/or no proof of insurance will not be invalidated by the state courts because the time for directly appealing those adjudications within the state court system has expired and it appears there in no avenue for collateral relief there either (i.e., since Plaintiff is not in custody, he cannot file a personal restraint petition). Dismissal with prejudice is therefore appropriate.

Plaintiff's Motion For Reconsideration (Ct. Rec. 7) is **DENIED**. Plaintiff's Motion To Shorten Time (Ct. Rec. 8) is **DENIED** as moot.

**IT IS SO ORDERED.** The District Executive shall forward a copy of this order to the Plaintiff.

**DATED** this ___28th___ of April, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION-    3**